# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4058 | **DATE** | 9/29/2010 |
| **CASE TITLE** | USA vs. Gurin | | |

**DOCKET ENTRY TEXT**

Petitioner's 28 U.S.C. § 2255 petition to vacate, set aside, or correct her sentence is denied and the case is terminated.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Petitioner's 28 U.S.C. § 2255 petition to vacate, set aside, or correct her sentence is denied. The direct appeal of her sentence is still pending in the Seventh Circuit, the most recent activity being the court's May 11, 2010 order directing petitioner to respond to her counsel's *Anders* brief, in which he sought to withdraw on the ground that no non-frivolous arguments for vacating her sentence could be raised. *See Anders v. California*, 386 U.S. 738 (1967). "[A] district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances." *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999). As petitioner has not replied to this (or any) argument raised in the government's response to her petition, I conclude that consideration of her § 2255 motion is premature. Nevertheless, in an effort to stave off unnecessary litigation down the road, I also note that several of the government's arguments for denying petitioner's motion appear to have merit.

Even if I were to adjudicate the merits of the petition while petitioner's appeal is pending, I would have to conclude, based on the current state of the appellate record, that she has not raised any of the arguments she now raises in her collateral attack. Accordingly, her first two arguments (that the enhancements applied to her sentence were unwarranted and that her sentence was unfair) are likely to be procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("the general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"). Moreover, these claims do not appear to state any constitutional violation and therefore are not remediable under § 2255. *See Scott v. United States*, 997 F.2d 340 (7th Cir. 1993) (erroneous application of sentencing guidelines generally does not provide grounds for collateral relief); *Warner v. United States*, No. 07 C 1164, 2007 WL 2409823 at *2 ("A claim that the Court should have given the defendant a lower sentence under the Guidelines, however, is not cognizable under section 2255") (Kennelly, J.). To the extent her third argument, a bare-bones assertion that her counsel was "ill prepared" at her sentencing, asserts an ineffective assistance of counsel claim, it is bereft of any of the factual material that would be necessary for her to prevail on the claim under the exacting standard of *Strickland*

## STATEMENT

*v. Washington*, 466 U.S. 668, 687 (1984).